## William W. Thompson, Defendant in Error, v. Chicago Plate Glass Company, Plaintiff in Error.

## Gen. No. 15,745.

MUNICIPAL COURT—*effect of refusal to hear all witnesses.* It is error to enter judgment against a party without hearing the testimony of a witness who is in court and offered as a witness to testify upon a material fact.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 4, 1911.

Benjamin Samuels, for plaintiff in error.

James J. Kelly, for defendant in error.

Mr. Justice Graves delivered the opinion of the court.

The judgment in this case in the court below was against the plaintiff in error, the Chicago Plate Glass Company, a corporation, for services rendered by defendant in error as an expert accountant in examining the books of the plaintiff in error.

The weight of the evidence shows that the defendant in error was engaged to do the work by one Abraham Goldstein, who was not and never had been a stockholder or officer of the corporation, and who at the time of the transaction in question was not the agent or in the employ of plaintiff in error; that at the time defendant in error was so engaged he was told to look to Goldstein for his pay; that plaintiff in error never employed or authorized anyone to employ defendant in error or anyone else to audit its books and never made or authorized anyone to make any promise to pay for the same being audited, and that in the conversation resulting in the employment of defendant in error Goldstein made no claim that he was acting as the agent of plaintiff in error.

On that state of facts, the judgment against plaintiff in error was erroneous.

On the trial, and before plaintiff in error had closed its case, and while one of its witnesses was still on the stand, the court entered judgment against it, although its counsel strenuously insisted on being allowed to call another witness then in court to prove that Goldstein was not in its employ at the time in question. Whether or not Goldstein was the agent of the plaintiff in error at the time he employed defendant in error to audit the books was the vital question in this case so far as the liability of plaintiff in error was

concerned, and it had a right to introduce all the proof it had on that subject. The action of the court in that regard also was erroneous.

The judgment of the court is, therefore, reversed and the cause remanded.

*Reversed and remanded.*